IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| PAULETTA ANN GRESHAM ) | |
| ) | Case No. 06-21107 |
| Debtor. ) | Chapter 13 |
| _____) | |
| ) | |
| PAULETTA ANN GRESHAM ) | Adversary No. 07-02004 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| AMERICA'S SERVICING COMPANY (ASC), ) | |
| Assignee of Home123 Corporation ) | |
| ) | |
| And ) | |
| ) | |
| PRAMCO II, L.L.C. ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter was commenced by the filing of a motion by Pauletta Ann Gresham ("Debtor") against America's Servicing Company ("ASC") and Pramco II, L.L.C. ("Pramco") for a determination of lien status. The Court treated the motion as if it were filed as a complaint initiating an adversary proceeding under Rule 7001(2). The Chapter 13 trustee (the "Trustee") was subsequently joined as a plaintiff, seeking to avoid ASC's deed of trust lien under §544(a)(3). Before the Court is a Motion for Summary Judgment filed by ASC against the Debtor and Pramco for a determination of the validity and priority of its lien. This is a core proceeding under 28 U.S.C. §157(b)(2)(K) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court

finds that ASC has satisfied its burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law with respect to the validity and priority of its lien. Summary judgment is, therefore, granted.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts are undisputed.[1] The real property at issue is located at 20 N. Rainbow, Apartments A & B, Columbia, Missouri (the "Property"). In September of 2005, the Debtor executed a deed of trust in favor of Pramco, granting Pramco a security interest in the Property (the "Pramco Deed of Trust"). The Pramco Deed of Trust was recorded in the real property records of Boone County, Missouri. On or about November 30, 2005, the Debtor executed a second deed of trust in favor of Home123 Corporation, granting Home123 Corporation a security interest in the Property. That deed of trust was subsequently assigned to ASC (the "ASC Deed of Trust") and was recorded in Boone County.

The correct legal description of the Property is:

LOT THREE (3) OF SUNRISE ESTATES SUBDIVISION, BLOCK IX-PRD.

The ASC Deed of Trust contained the correct street address, but an incorrect legal description of the Property:

LOT THREE (3) OF SUNRISE ESTATES SUBDIVISION, BLOCK IV-PRD.

No real property exists at the location that is legally described in the ASC Deed of Trust.

Pramco executed a subordination agreement (the "Subordination Agreement") on November

---

[1] Each of the facts listed in this section appears in the Suggestions of America's Servicing Company in Support of Motion for Summary Judgment, pp. 1-4, and has been admitted by Richard V. Fink, Trustee, in his Response to Motion for Summary Judgment ("Trustee's Response"), pp. 1, 2.

30, 2005, whereby Pramco agreed to subordinate the Pramco Deed of Trust to the ASC Deed of Trust. The Subordination Agreement was recorded in Boone County; it contained the correct legal description of the Property.

On November 3, 2006, the Debtor filed a motion to sell the Property and disburse a portion of the proceeds to ASC to satisfy ASC's first lien. Pramco objected on the grounds that ASC's lien was not properly perfected due to the error in the ASC Deed of Trust, and asserted that Pramco was the first lienholder. On December 20, 2006, this Court approved the sale and ordered that the disposition of the proceeds be determined by a separate adversary action.

In February of 2007, the Debtor initiated an adversary proceeding by filing a motion to determine the priority and validity of the liens of ASC and Pramco. This summary judgment motion followed. The Debtor subsequently sought the Court's approval to join the Chapter 13 trustee (the "Trustee") as a plaintiff to enable the Trustee to avoid ASC's lien under §544(a)(3). The Debtor's motion was granted.[2]

The Trustee contends that because the ASC Deed of Trust misidentified the block, the mortgage is unperfected and he can avoid it as a bona fide purchaser under §544(a)(3). ASC makes two arguments: 1) that the ASC Deed of Trust is valid despite the incorrect legal description, and 2) that the Trustee lacks standing to avoid the ASC Deed of Trust.[3] ASC is seeking a determination that it holds a valid, first lien on the Property, superior to Pramco's lien.

### III. DISCUSSION AND LEGAL ANALYSIS

---

[2] In its summary judgment motion, ASC argued that the Debtor did not have standing to avoid the ASC Deed of Trust, that the avoidance power was available only to a Chapter 13 trustee. The addition of the Trustee as a party to the adversary proceeding renders ASC's argument moot and therefore, it will not be addressed by this Court.

[3] Pramco did not file a response to ASC's summary judgment motion.

### A. Standard for Summary Judgment

Federal Rule of Bankruptcy Procedure 7056(c), applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bank. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A genuine issue exists when the evidence is such that a reasonable fact finder could find for the non-movant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record for summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant; however, the court is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

### B. The Validity of the ASC Deed of Trust

Missouri courts are reluctant to hold a property description insufficient and void unless compelled to do so by its ambiguity and uncertainty. *Fincher v. Miles Homes of Missouri, Inc.*, 549 S.W. 2d 848, 853-54 (Mo. 1977). McCune Gill, a noted expert on Missouri titles, put it best:

> It seems to be beyond the capabilities of the writers of descriptions in deeds, wills and court proceedings to put down accurate descriptions of property, or having put them

4

> down to observe the obvious precaution of reading them after they have been put down to correct any errors therein.
>
> But the courts, staffed as they are with sensible and understanding judges, have been most lenient in construing erroneous descriptions. They say that when a man tries to convey something that he owns and possesses he is really trying to convey it and not something that he does not own or possess, that when he tries to convey a building he intends to convey the building wherever it is, that when he makes mistakes or omissions they will be disregarded if there is enough other description to identify the property, that the parts of the description where he is least likely to make mistakes will govern, and finally that the title will be considered to comply even with the rather exacting requirements of marketability even though the description is mildly erroneous.

M. Gill, TREATISE ON REAL PROPERTY LAW IN MISSOURI, 1474 (1954).

Under Missouri's rules of construction, validity is favored over invalidity. *Beauchamp v. Beauchamp*, 381 S.W.2d 804, 805 (Mo. 1964). As the Missouri Supreme Court stated, "If susceptible of two constructions, one of which will render the deed valid and operative, and the other render it wholly inoperative, that construction, if not unreasonable nor legally impossible, should be adopted which will render the deed operative." *Hobbs v. Yeager*, 263 S.W. 225, 229 (Mo. 1924). *See also Boxley v. Easter*, 319 S.W.2d 628, 633 (Mo. 1959) ("[I]f the land conveyed is sufficiently identified by certain parts of the description, an impossible or senseless course should be disregarded, and the deed sustained.") (citations omitted); *Massachusetts Gen. Life Ins. Co. v. Sellers*, 835 S.W.2d 475, 480-81 (Mo. App. S.D. 1992)(an interpretation that conveys nothing is rejected in favor of one that conveys something); *Jones v. Cox,* 629 S.W. 2d 511, 513 (Mo. App. S.D. 1981)("[P]eople are presumed not to intend nullities by their solemn conveyances and if one construction will render a deed operative and a competing construction will render it wholly inoperative, the former is preferred if not unreasonable nor legally impossible.").

The intention of the parties is the linchpin of this rule of construction. When confronted with

uncertainty in a deed, Missouri courts rely on the four corners of the instrument as well as the surrounding circumstances and conditions to ascertain the parties' intentions. *Snadon v. Gayer*, 566 S.W.2d 483, 489 (Mo. App. 1978). *See also Wolfe v. Dyer*, 8 S.W. 551 (Mo. 1888)(deed with ambiguous legal description construed in favor of conveyance in light of other parts of the deed and the parties' subsequent acts); *Massachusetts Gen. Life Ins. Co. v. Sellers*, 835 S.W.2d 475 (Mo. App. S.D. 1992)(dispute over ambiguous boundary settled in favor of validity after court considered physical location and course of the roads involved); *Baird v. Harris*, 290 S.W. 80 (Mo. App. 1927)(misdescription in deed, stating northwest quarter instead of southwest quarter, did not render deed void in light of parties' intentions). A deed will be declared void for uncertainty of description only where, after resorting to oral or other extrinsic proof, that which was intended by the parties remains a "mere matter of conjecture." *Hamburg Realty Co. v. Woods*, 327 S.W.2d 138, 150 (Mo. 1959)(quoting 26 C.J.S. *Deeds* Section 30, 644-45).

The Trustee contends that ASC does not have a lien on the Property because there is no writing granting one, and cites *Ray v. Wooster*, 270 S.W.2d 743 (Mo. 1954), as support. The *Wooster* court, however, held to the contrary. The issue in the *Wooster* case was whether a receipt for the sale of real property satisfied the statute of frauds. The receipt in question referred to the amount of the payment, the name of the property (Oak Hill Farm) and the number of acres – there was no mention of state, county, section or township. Nevertheless, the court held that such omissions were not fatal:

> From the cases, it appears that mention of the state and county is essential to the validity of the writing only when necessary for the purposes of identification. Failure to make such mention will not invalidate the instrument under the statute of frauds where other adequate elements of identification exist by which the location of the property can be determined. *If from the description given one may, with the aid of extrinsic proof not inconsistent with the writing, locate the property, the writing must be held to comply with the statute of*

  *frauds.*

*Id.* at 750 (emphasis added).[4] Applying the principle articulated in *Wooster*, this Court finds that the error in the legal description does not render the deed void under the statute of frauds. The Property can be identified by the street address contained in the ASC Deed of Trust, and could be identified with more certainty by examining the Pramco Deed of Trust and the Subordination Agreement.

  ASC cites several cases in support of its position that the error in the legal description does not invalidate its deed of trust. The Trustee asserts that none of them is on point. While this Court recognizes that these cases may be distinguishable by their facts, the analyses used by the respective courts are instructive as to the determination of the validity of the ASC Deed of Trust. In *Fincher v. Miles Homes of Missouri, Inc.*, 549 S.W.2d 848 (Mo. 1977), the plaintiff entered into a contract for sale describing the lot as being in the SE 1/4 of the NW 1/4 of the SW 1/4 of Sec. 26, Twp. 36, Range 11. Approximately a week later, a second and more detailed contract of sale was executed by the same parties; this one described the lot as being in the SE 1/4 of the NW 1/4 of Sec. 26, Twp. 36 North, Range 11 West. The purchaser of the property subsequently executed a deed of trust which contained the same legal description as that in the first contract for sale. The plaintiff sought to invalidate the deed. The issue before the *Fincher* court was whether the deed of trust's description was so deficient that it rendered the deed of trust void. The court held that it was not. The starting point of its analysis was the fundamental rule that "[i]n general, any description in a deed is sufficient if it affords the means of identification of the property." *Id.* at 853 (citing *Hamburg Realty Co.,* 327 S.W. 2d at 150). The evidence established the parties' intentions that the second contract cover the

---

[4] The Missouri Supreme Court addressed the same issue in *Wilt v. Waterfield*, 273 S.W.2d 290 (Mo. 1954): "If a contract for the sale of land fails to describe the land sufficiently to meet the requirements of the Statute of Frauds, it is not void, but voidable. If there is sufficient compliance with the Statute of Frauds, the contract is valid and the statute would not apply." *Id.* at 294 (citations omitted).

same lot as described in the first. Considering that evidence and descriptive language contained in the recorded deed, the court concluded that the identity of the lot could be ascertained.

In *Jablonowski v. Logan*, 169 S.W.3d 128 (Mo. App. E.D. 2005), the Finneys executed a deed purporting to convey to the Logans an easement across their property. The Jablonowskis subsequently acquired the property, and claimed that the easement deed was void due to an erroneous description – the deed described the easement as terminating at the bank of a river when in fact, it did not. Relying on Missouri's rule of construction favoring validity and on the surveyor's testimony, the Missouri court of appeals held that the deed's description was sufficiently definite to identify the easement.

ASC also relies heavily on the recent case of *In re Clement,* Adv. No. 06-04200 (Bankr. W.D. Mo. April 27, 2007). The debtor in *Clement* executed a deed of trust containing the correct street address, but an incorrect legal description; it described a completely different parcel of land than the real property securing the indebtedness. The deed of trust was properly recorded. Months later, the title company filed an Affidavit of Correction providing the correct legal description. Instead of being indexed under the debtor's name, the affidavit was indexed under the name of the title company's employee and appeared in the tract index.

The trustee in that case argued that the deed of trust was invalid because the street address alone did not identify the land with sufficient certainty. The court noted that a street address in an urban area is generally sufficient to identify and delineate realty. *Id.* at 2. However, it did not need to rule on the sufficiency of the street address in this particular case because "Missouri law allows consideration of 'extrinsic or external proof' to clarify the description of property intended to be conveyed by an instrument...." *Id.* Applying Missouri's rule of construction favoring validity and

8

Missouri law allowing "extrinsic or external proof" of intent, the court concluded that the deed of trust was valid. *Id.* at 2. The Affidavit of Correction provided extrinsic proof of the exact parcel of land in which the debtor intended to grant a security interest.

The variation in fact patterns appearing in the deed construction cases does not change the outcome – Missouri courts are reluctant to invalidate a deed of trust simply because of a scrivener's error. Under the facts of this case, so is this Court. The ASC Deed of Trust contains the correct street address, so the Property can be identified. The parties' intentions can be gleaned from the deed of trust together with the "extrinsic proof" included in the summary judgment record. Both the Pramco Deed of Trust and the Subordination Agreement contain the Property's correct legal description; both were properly recorded. The property legally described in the ASC Deed of Trust does not exist. Certainly the Debtor and Home123 Corporation (ASC's predecessor in interest) intended to encumber "real" property. In light of these facts, the parties' intentions and the Missouri rules of construction, the Court finds that the Property is identifiable and thus, the ASC Deed of Trust is valid.

### C. The Trustee's Standing to Avoid the ASC Deed of Trust

Section 544(a)(3) confers on a trustee the power to "avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by ... a bona fide purchaser of real property ... from the debtor...." 11 U.S.C.§544(a)(3). However, state law governs who may be a bona fide purchaser and the rights of such a purchaser for purposes of this section. 5 *Collier on Bankruptcy* ¶544.08 at 544-15 (Lawrence P. King ed., 15th rev. ed. 2004); *In re Bridge*, 18 F. 3d 195, 200 (3d Cir. 1994)(scope of a trustee's "strong-arm powers" is governed by the substantive law of the state in which the property is located). Although §544 provides that a trustee's actual knowledge

is not relevant, a trustee is still bound by the state law regarding recordation and constructive notice, as well as other state law limitations upon bona fide third party purchaser status. *In re Robertson*, 203 F.3d 855, 864 (5th Cir. 2000). *See also In re Hagendorfer,* 803 F.2d 647, 649 (11th Cir. 1986)(§544 does not set aside trustee's duty to examine the record of title). A bona fide purchaser is defined in Missouri as "one who pays a valuable consideration, has no notice of outstanding rights of others, and who acts in good faith." *Johnson v. Stull,* 303 S.W.2d 110, 188 (Mo. 1957). Therefore, the Trustee in this case can avoid ASC's Deed of Trust only if the Trustee did not have notice of ASC's interest in the Property under Missouri law.

Two types of constructive notice are applicable here. The first was created by the Missouri recording statutes. Section 442.390 of the Revised Missouri Statutes provides that all instruments affecting real estate, filed of record with a county recorder, *shall impart notice* to all persons of their contents. (Emphasis added.) In other words, a purchaser is charged with notice of all deeds in his chain of title. *Luker v. Moffett*, 38 S.W.2d 1037, 1041 (Mo. 1931); *In re Iowa-Missouri Realty Co., Inc.*, 86 B.R. 617, 620 (Bankr. W.D. Mo. 1988)("In Missouri a purchaser is charged with constructive notice of everything in prior recorded deeds, which go to make up the chain of title under which he holds.")(citing *Black v. Banks*, 37 S.W.2d 594, 598 (Mo.1931)).[5]

The second type of constructive notice, inquiry notice, developed from case law. Inquiry notice is imparted to a prospective purchaser by facts which would place a reasonably prudent person upon inquiry as to the title he is about to purchase. *Johnson v. Stull*, 303 S.W.2d at 118; *Woodbury v. Connecticut Mut. Life Ins. Co.*, 166 S.W.2d 552, 554 (Mo. 1942)   (if there are facts and

---

[5] Chain of title is defined as "[s]uccessive conveyances or other forms of alienation affecting a particular parcel of land, arranged consecutively from the government or original source of title down to the present holder." BLACKS LAW DICTIONARY 208 (5th ed. 1979).

circumstances casting doubt on title, purchaser is put on inquiry); *White v. Buntin*, 77 S.W. 3d 702, 705 (Mo. App. E. D. 2002)(purchaser with knowledge of facts which should cause him to inquire is charged with knowledge he would gain by making that inquiry). The law is well settled that one who has notice of a fact which ought to have put him on inquiry, and which he might have discovered by using due diligence, cannot claim as a purchaser without notice. *St. Louis 221 Club v. Melbourne Hotel*, 227 S.W. 2d 764, 769 (Mo. App. 1950). As the court stated in *In re Hiseman*, 330 B.R. 251 (Bankr. D. Utah 2005), "[a]n individual who knows, or should know, about a fact suggesting a problem with the title to his property cannot avoid the problem by burying his head in the sand." *Id.* at 256.

The Trustee asserts that as a bona fide purchaser he should be able to avoid the ASC Deed of Trust because he "lacked constructive and inquiry notice of the mortgage under the filing of record."[6] He makes several arguments: 1) the ASC Deed of Trust did not perfect ASC's interest in the Property,[7] 2) the ASC Deed of Trust was outside the chain of title, and 3) there were no facts which would put the Trustee on inquiry notice.[8] The Court does not find these arguments compelling.

The Trustee cites *In re Garringer*, 2006 WL 3519342 (Bankr. W.D.Mo.), to support his contention that he is a bona fide purchaser. The lender in *Garringer* lent money to the debtors prepetition and intended to secure the indebtedness with a deed of trust on the debtors' real property. The lender failed to record the deed of trust until after the debtors filed bankruptcy. The trustee

---

[6] Trustee's Response, p. 5.

[7] The only authority cited by the Trustee to support his blanket statement that ASC did not have a perfected security interest was *In re Merrill*, 258 B.R. 750 (Bankr. W.D.Mo. 2001). That case is irrelevant. The issue there was narrow – whether future advances against a note secured by a vehicle were perfected when the right to make future advances was not noted on the certificate of title.

[8] Trustee's Response, pp. 5-8.

asserted a superior interest in the real property under §544, and sought to avoid the late-filed deed of trust under §549. Based on the plain language of §544, the court held that the trustee had the rights of a bona fide purchaser, including the ability to avoid the lender's interest in the real property. Significantly, the trustee also challenged the validity of the unrecorded deed of trust on the grounds that the property was not adequately described. The court declined to rule on that issue because it was unnecessary to its determination of the trustee's status under the circumstances. The fact that the deed of trust was not recorded as of the petition date was the determinative factor in *Garringer*. Here, the ASC Deed of Trust was properly recorded before the Debtor's petition date.

The Trustee cites the *Iowa-Missouri Realty Co.* case to support his argument that the ASC Deed of Trust was outside the chain of title and imparted no notice. Again, the holding is based on facts dissimilar to those in the case before this Court. Although the deed of trust at issue in *Iowa-Missouri* was recorded in the grantor-grantee index pursuant to §59.440, it did not appear under the name of the actual record owner – it appeared only under the name of the record owner's parent company.[9] Therefore, a prospective purchaser checking the records for conveyances affecting title to the record owner's property would not have found the deed of trust. Further, nothing surrounding the recording of the deed of trust "would reasonably lead a subsequent purchaser to make further inquiry of other interests." *Iowa-Missouri Realty Co., Inc.,* 86 B.R. at 621. The court held, therefore, that the trustee had the status of a bona fide purchaser. Unlike the instrument in the *Iowa-Missouri* case, the ASC Deed of Trust was properly recorded in the grantor/grantee index under the Debtor's name. A prospective purchaser searching the records would have discovered the ASC Deed of Trust

---

[9] Section 59.440 of the Revised Missouri Statutes requires the county recorder to maintain books alphabetically arranged for the names of grantors and grantees of real property.

as well as the Pramco Deed of Trust and the Subordination Agreement. Furthermore, the instant case is different because there are indeed facts surrounding the ASC Deed of Trust which would have or should have led the Trustee to inquire further about the title to the Property.

The Trustee also cites the recent case of *In re Vondall*, 364 B.R. 668 (B.A.P. 8th Cir. 2007), to support his argument that if there is nothing on the face of a mortgage to alert a purchaser that the property description is defective, then there is nothing to trigger a duty of further inquiry. The Court does not necessarily agree. In *Vondall*, the property subject to the mortgage was incorrectly described as "Lot B" instead of "Lot 13." Because lots in Minnesota may be designated by either numbers or letters, the court found that the mortgage was not facially defective and there was no duty to inquire further. There is no mention of other instruments in the chain of title or unusual facts surrounding third party interests in the real property. Here, however, there are two conflicting deeds of trust in the Debtor's chain of title – both list a property with the same street address, but different legal descriptions. What's more, the legal descriptions are nearly identical. That should have put the Trustee on notice that something was awry and caused him to inquire further.

ASC cites the *Clement* case, discussed previously, to defeat the Trustee's bona fide purchaser status. The *Clement* court had two issues to consider, the very issues before this Court: 1) the validity of a deed of trust containing a correct street address, but an incorrect legal description, and 2) the avoidability of that deed of trust. With respect to the latter, the trustee asserted that he did not have constructive notice of an encumbrance because the deed of trust contained a defective legal description and the Affidavit of Correction fell outside the chain of title. The court disagreed.[10] It concluded that

---

[10] Although the *Clement* court did not address whether the defective deed of trust, standing alone, would have provided notice to the trustee, it noted that the properly-recorded deed of trust "would have provided at least some notice" of the lender's interest in the real property. *Id.* at 3.

the indexing error did not deprive the affidavit from providing constructive notice to the trustee of the lender's interest in the debtor's property and thus, that interest was not subject to avoidance. *Id.* at 4.

The Trustee in this case downplays the significance of *Clement* because it is based on an Affidavit of Correction and there is none here. Admittedly, the Affidavit of Correction was an important factor considered by the court, but the Trustee misses its true significance. To reach the conclusion that the deed of trust was not avoidable by the trustee, the *Clement* court applied the fundamental principal in Missouri that a purchaser is charged with notice of all recorded instruments in the chain of title. Because the court found that the Affidavit of Correction was within the debtor's chain of title, *despite its failure to appear in the grantor-grantee index*, the trustee was charged with constructive notice of its contents.

The Subordination Agreement in the instant case serves the same purpose as the Affidavit of Correction in the *Clement* case. The street address was correct in *Clement*, and the affidavit clarified the discrepancy in the property description. The street address in the ASC Deed of Trust is correct, and the Subordination Agreement clarifies the discrepancy in the property description. The Subordination Agreement was properly filed in the grantor-grantee index, and imparts constructive notice to the Trustee of ASC's interest in the Property.[11] Accordingly, the *Clement* case is solid support for ASC's position.

Simply put, the issue in this case is whether the Trustee had constructive notice of ASC's interest in the Property. Would or should the Trustee, in researching the Boone County real property records with due diligence, have reasonably discovered a cloud on the title? The answer is yes.

---

[11] Although the Subordination Agreement was filed under Pramco's name as grantor, it would have been discovered during a routine title search of the Property based on the Pramco Deed of Trust and the ASC Deed of Trust (filed under the Debtor's name as grantor).

The Trustee is charged with constructive notice of two pertinent documents in the Debtor's chain of title and their contents: the Pramco Deed of Trust and the ASC Deed of Trust. Whether the Subordination Agreement lies within the Debtor's chain of title is not entirely clear. However, the fact that both deeds of trust covered properties with the same street address, but only slightly different legal descriptions, should have put the Trustee on inquiry notice. Even if the ASC Deed of Trust would have been disregarded due to the erroneous legal description, as the Trustee suggests, a prudent purchaser would have sought to determine if the Pramco Deed of Trust had been released. The Subordination Agreement would have been discovered in that search. It contains the correct legal description, refers to the ASC Deed of Trust with specificity, and evidences Pramco's intent to subordinate its lien. The Subordination Agreement, together with the ASC Deed of Trust and the Pramco Deed of Trust, are sufficient to identify the property subject to ASC's lien. The Trustee had constructive notice of ASC's interest in the Property and thus, cannot be a bona fide purchaser under §544.

### IV. CONCLUSION AND ORDER

In summary, the Court finds that there is no genuine issue of material fact regarding the validity and priority of ASC's lien on the Property. The documents in the summary judgment record, including the Pramco Deed of Trust, the ASC Deed of Trust and the Subordination Agreement, sufficiently identify the Property and indicate the parties' intent. The Trustee had constructive notice of ASC's lien, and therefore, does not have standing to avoid it as a matter of law. The validity of the Subordination Agreement has never been in dispute and thus, governs the priority of the liens. Because the Court finds that the ASC Deed of Trust is valid, ASC's lien is superior to Pramco's lien. For the reasons stated above, the Motion for Summary Judgment is hereby granted. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be

entered pursuant to Fed. R. Bankr. P. 9021.

        /s/Dennis R. Dow_____
        THE HONORABLE DENNIS R. DOW
        UNITED STATES BANKRUPTCY JUDGE

Date: August 17, 2007

Copies to:
Steven M. Leigh
Gwendolyn Froeschner Hart
Mark J. Schultz